LAW OFFICES OF
## MONTFORT, HEALY, McGUIRE & SALLEY LLP

840 FRANKLIN AVENUE
P.O. BOX 7677
GARDEN CITY, NEW YORK, 11530-7677

TELEPHONE: (516) 747-4082
TELECOPIER: (516) 746-0748

e-mail: montfort@mhms-law.com
url: www.mhms-law.com

FRANK J. CAFARO
PHILIP J. CATAPANO
DONALD S. NEUMANN, JR.
MICHAEL A. BARANOWICZ
JAMES M. MURPHY
CHRISTOPHER T. CAFARO
JEFFREY D. PRESENT
CLAUDIA C. GLACKEN
MICHAEL J. BORANIAN

COUNSEL
JOHN KENNETH RODE

MICHAEL R. ADAMS
MICHAEL K. CHIN
SUSAN H. DEMPSEY
CAMILLE L. HANSEN
HUGH J. LARKIN

GAETANA LIANTONIO-MCBRIDE
THOMAS R. MAZZARO
ROBERT J. PAPE, JR.
JOHN W. PERSONS
ARTHUR R. SIMURO

December 5, 2012

Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Water Works Realty Corp., et al v.
Harrison J. Edwards, et al.
Docket Nos.: Civ. 08-04754 and
Civ. 08-00449
Claim No.:
Our File No.: 20-21915

Honorable Sir:

    Our office represents defendant William F. Glacken in the above-referenced actions. I am pleased to advise that plaintiffs have entered into a written stipulation of settlement and voluntary discontinuance ("Stipulation of Settlement") with defendant William F. Glacken (the "Settling Parties"). A copy of the stipulation of settlement executed in counterparts is attached hereto. The original executed stipulation of settlement will be hand-delivered to the Court today. Plaintiffs and defendant, Glacken, respectfully request that the Court "so-order" the stipulation of settlement at its earliest convenience. As always, the Court's courtesies are most appreciated.

Respectfully submitted,

MONTFORT, HEALY, McGUIRE & SALLEY

Michael A. Baranowicz

MAB/jlc
Enc.

cc: Rosenberg, Calica & Birney, LLP
100 Garden City Plaza, Suite 408
Garden City, New York  11530
**Via Regular & Email** - ron@rcblaw.com

Magistrate Judge Boyle
United States District Court
100 Federal Plaza
Central Islip, New York 11722

William H. White, Jr.
141 Garfield Street
Freeport, New York 11520
wwhite.white05@insuremail.net

Vilma Lancaster
94 N. Brookside Avenue
Freeport, New York 11520
vilmal@aol.com

Donald Miller
160 West End Avenue
Freeport, New York 11520
dmiller514.dm@gmail.com

Renaire Davis-Frierson
164 Moore Avenue
Freeport, New York 11520
rfridav@aol.com

**(Pro Se defendants, via e-mail and first class mail)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X      Docket No.: 08-04754
WATER WORKS REALTY CORP. AND GARY
MELINUS,                                                                                  08-00449
                                                                                                    (LOW) (ETB)
Plaintiffs, Cross-claim and Counter-claim Plaintiffs,

          -against-

HARRISON J. EDWARDS, ET. AL,

                    Defendants.
-----------------------------------------------------------------------X

## STIPULATION OF SETTLEMENT
and
## VOLUNTARY DISCONTINUANCE

    WHEREAS, in 2004 an action was commenced in the Supreme Court of the State of New York, County of Nassau entitled *Arbor Secured Funding, Inc. and Arbor Management LLC v. Just Assets NY, Just Assets NY1 LLC, Water Works Realty Corp., Water Works Realty LLC, Just Your Way, Inc., William O. Brothers, III Architect P.C., Incorporated Village of Freeport, Metropolitan Transit Authority, The County of Nassau, and The New York State Department of Taxation and Finance,* Index No. 12550/2005, seeking to set aside certain tax deeds issued by the defendant, County of Nassau, to defendant Just Assets NY1 (the "2004 Action"); and

    WHEREAS, defendant Water Works Realty Corp. ("Water Works") in the 2004 Action asserted cross-claims against Just Assets NY1, Just Assets NY1 LLC ("Just Assets") and the County of Nassau (the County) in and around January 2005, seeking to set aside the tax deeds and seeking damages for negligence, slander of title, and disseizure of property under Real Property Law §853 based on its claims, *inter alia,* that certain Notices to Redeem served by Just Assets were defective; and

    WHEREAS, by Short Form Order dated January 24, 2006, the Supreme Court, Nassau County (Warshawsky, J.) declared that the redemption notices are defective; that the tax deeds issued by the County Treasurer and the subsequently executed quit claim deeds are cancelled and set aside; and that the defendant Water Works Realty Corp. is the rightful owner of the properties; and

WHEREAS, in June 2008 Water Works moved to amend its Answer and Cross-Claims in the 2004 Action to add new cross-claims, new parties, and new counterclaims, and to amend the caption; and

WHEREAS, on or about July 3, 2008, Water Works and Gary Melius filed a Verified Complaint in the Supreme Court of the State of New York, County of Nassau, Index No. 12310/2008 entitled *Gary Melius and Water Works Realty Corp. v. Harrison J. Edwards, III s/h/a Harrison J. Edwards, IV, Individually and in his official capacity as Village Counsel for the Village of Freeport, William F. Glacken, individually and in his official capacity as Mayor for the Village of Freeport, Renaire Davis-Frierson, individually and in her official capacity as Deputy Mayor for the Village of Freeport and a Member of the Board of Trustees, the Board of Trustees for the Village of Freeport being Renaire Davis-Frierson, William H. White, Jr., Donald K Miller, and Jorge A. Martinez, Vilma Lancaster, individually and in her official capacity as Treasurer for the Village of Freeport, Howard E. Colton, individually and in his official capacity as Deputy Village Counsel, the Incorporated Village of Freeport, John Macari, individually as former Deputy County Treasurer for the County of Nassau, Henry Dachowitz, individually as former Treasurer for the County of Nassau, Merilee Daly, individually as a former employee for the County of Nassau, the County of Nassau, Matthew Kanter, George Brock, Just Assets NY1, a New York partnership, Just Assets NY1, LLC, Kotsoteka, LLC, Keith Sernick, Stacy Clark and Davidoff Malito & Hutcher, LLP* (the "2008 Action") asserting various claims arising out of the defective Notices to Redeem and the wrongful issuance of the tax deeds including, but not limited to, claims against the Village Defendants for fraud, conspiracy, violations of substantive and procedural due process, deprivation of property rights, violations of the civil RICO statute, and legal fees; and

WHEREAS, the defendants in the 2008 Action were served with the Verified Complaint in October 2008; and

WHEREAS, by Short Form Order dated November 19, 2008, the Supreme Court of the State of New York, County of Nassau granted Water Works' motion to amend in most respects and authorized service of a Second Amended Answer with Cross-Claims and Counter-claims under Index No. 12550/2004 to be captioned *Gary Melius and Water Works Realty Corp. v. Harrison J Edwards, III individually and in his official capacity as Village Counsel for the Village of Freeport, William F. Glacken, individually and in his official capacity as Mayor for the Village of Freeport, Renaire Davis-Frierson, individually and in her official capacity as*

*Deputy Mayor for the Village of Freeport and a Member of the Board of Trustees, the Board of Trustees for the Village of Freeport being Renaire Davis-Frierson, William H. White, Jr., Donald K. Miller, and Jorge A. Martinez, Vilma Lancaster, individually and in her official capacity as Treasurer for the Village of Freeport, Howard E. Colton, individually and in his official capacity as Deputy Village Counsel, the Incorporated Village of Freeport, John Macari, individually as former Deputy County Treasurer for the County of Nassau, Henry Dachowitz, individually as former Treasurer for the County of Nassau, Merilee Daly, individually as a former employee for the County of Nassau, the County of Nassau, Matthew Kanter, George Brock, Just Assets NY1, a New York partnership, Just Assets NY1 LLC, Kotsoteka LLC, Keith Sernick, Stacy Clark, and Davidoff Malito & Hutcher, LLP,* also asserting claims arising out of the wrongful issuance of the tax deeds including, but not limited to, claims against the Village Defendants for fraud, conspiracy, violations of substantive and procedural due process, deprivation of property rights, and legal fees (the "2004 Amended Action"); and

WHEREAS, Water Works and Gary Melius duly amended their Second Amended Answer to conform with the Short Form Order dated November 19, 2008; and

WHEREAS, the defendants in the 2008 Action filed a Notice of Removal on November 24, 2008, removing the action from the Supreme Court of the State of New York, Nassau County to the Eastern District of New York, Docket No. Civ-08-4754; and

WHEREAS, the defendants in the 2004 Amended Action filed a second Notice of Removal on December 18, 2008, removing the 2004 Amended Action from the Supreme Court of the State of New York, County of Nassau to the Eastern District of New York, Docket No. Civ-08-0449; and

WHEREAS, by Memorandum and Order dated and filed January 10, 2011, Judge Leonard D. Wexler denied the motion to dismiss filed by pro se defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis; and

WHEREAS, the United States Second Circuit Court of Appeals by Summary Order dated April 18, 2012 unanimously dismissed the appeal by the pro se defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis of the January 11, 2011 Memorandum and Order denying their motion to dismiss; and

WHEREAS, the pro se defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis filed and served their answer in the above-captioned Actions (the "Actions") on July 23, 2012; and

WHEREAS, the pro se defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis served and filed a motion on September 20, 2012 for leave to amend their answer to add an affirmative defense of set-off; and

WHEREAS, by Memorandum Opinion and Order dated October 25, 2012, Magistrate E. Thomas Boyle denied in part and granted that part of the motion filed by defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis' to amend their answer so as to plead Section 15-108(a) of the General Obligations Law as an affirmative defense; and

WHEREAS, Plaintiffs Gary Melius and Water Works Realty Corp. (collectively the "Water Works Parties") and defendant, WILLIAM F. GLACKEN (hereinafter "GLACKEN"), desire to reach a full and final agreement to settle the Actions and their present dispute and all disputes that may have arisen between them; and

WHEREAS, the Water Works Parties and GLACKEN wish to execute this Stipulation of Settlement ("Stipulation of Settlement and Voluntary Discontinuance" or "Stipulation") in order to consummate the terms of the settlement.

NOW, THEREFORE, the Water Works Parties and GLACKEN hereby stipulate and agree as follows:

1. Pursuant to the terms and conditions of the Stipulation of Settlement and Voluntary Discontinuance the above captioned actions are hereby dismissed and discontinued with prejudice as to only defendant WILLIAM F. GLACKEN and without costs or attorneys' fees to any party to this Stipulation. Plaintiffs and defendant GLACKEN each irrevocably waives against each other any claim for costs, disbursements or attorneys' fees.

2. This Agreement settles any and all claims and disputes Plaintiffs have or may have against GLACKEN whether arising out of or concerning these Actions or otherwise, and including everything and anything else that is not included in these Actions and settles any and all claims and disputes GLACKEN has or may have against Plaintiffs whether arising from the circumstances arising out of or concerning these Actions or otherwise, and including everything and anything else that is not included therein. This Agreement is entered into by the undersigned parties and constitutes a full and final settlement among them. All the undersigned represent and warrant to the other that they have full authority to enter into this Settlement Agreement and that this Settlement Agreement is binding upon them. This Settlement Agreement is not a settlement with any other defendant other than defendant GLACKEN.

3. The parties hereby authorize their respective attorneys to promptly file this Stipulation of Settlement and Voluntary Discontinuance as to defendant GLACKEN in this action as well as the related action in this Court entitled *Melius v. Edwards, et.al.* Docket No.: 08-449 with the Court to be "So Ordered" by the Court.

4. General Releases: (A) Plaintiffs release and discharge GLACKEN and his heirs, executors, administrators, successor and assigns, as the case may be, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or equity, which Plaintiffs or any of Plaintiffs' respective officers, directors, affiliates, associates, heirs, executors, administrators, successors and assigns hereafter can, shall or may, have against GLACKEN, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release.

(B) GLACKEN hereby releases and discharges Plaintiffs WATER WORKS REALTY CORP., and GARY MELIUS and their affiliates, associates, officers, directors, shareholders, heirs, executors, administrators, successor and assigns, as the case may be ("Plaintiffs Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or equity, which GLACKEN hereafter can, shall or may, have against Plaintiffs Releasees, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release.

5. The undersigned hereby agree that this Stipulation of Settlement and Voluntary Discontinuance is not an acknowledgment or an admission of wrongdoing by any party,, and that these actions are being dismissed/discontinued against Defendant, GLACKEN, to avoid further litigation and to avoid the cost, trouble, distraction and uncertainty such further litigation would involve.

6. This Agreement is entered into by the undersigned parties and constitutes a full and final settlement among them with regard to the foregoing. All the undersigned represent and warrant to the other that they have full authority to enter into this Agreement and that this Agreement is binding upon them.

7. This Stipulation shall be submitted to Judge Leonard Wexler to be "So-Ordered", but whether or not "So Ordered" shall, as among the parties and their counsel, be deemed to constitute and shall have the force and effect of an Order of the Court in the action, and shall be enforceable among them as such. In the event the Court shall fail or refuse to "So Order" the Stipulation within thirty (30) days after it shall have been submitted for that purpose, this Stipulation shall nevertheless be deemed to become fully effective and binding upon the parties and their counsel as provided herein.

8. This Agreement shall be governed and construed in accordance with the laws of the United States of America and the State of New York. Any and all actions relating to this Agreement shall be brought only in this Court or in the Supreme Court of the State of New York located in Nassau County, New York.

9. All prior understandings and agreements between the parties are merged in this Agreement which alone fully and completely expresses the agreement between them.

10. Should any provision or provisions of this Agreement require judicial interpretation, it is agreed that the court interpreting or considering the same shall not apply the presumption that the terms be strictly construed against the party who itself or through its agent prepared the same; it being agreed that both Parties hereto have participated in the preparation of this Stipulation of Settlement.

11. This Agreement may not be amended and no term, condition, or other provision hereof, or any default or breach in connection therewith, may be waived other than by a duly executed written instrument. This Agreement may not be orally modified. The failure to insist upon the strict performance of any covenant, term, condition or other provision of this Agreement or to exercise any right or remedy thereunder shall not constitute a waiver of any such covenant, term, condition or other provisions thereof or default or breach in connection therewith, nor shall any waiver be implied from such failure.

12. All rights and remedies herein enumerated shall be cumulative and none shall exclude any right or remedy allowed by law, and said rights and remedies may be exercised and enforced concurrently and whenever and as often as occasion therefor arises.

13. This Agreement may be executed in counterparts, with each such counterpart deemed to be an original and the counterparts taken together, constituting one and the same agreement binding on the Parties hereto. The Parties agree to take such action and deliver such documents

as may be necessary to effectuate the provisions, terms and conditions of this Stipulation of Settlement.

Dated December      , 2012

_____   _____
GARY MELIUS, Individually and as President   RONALD J. ROSENBERG, ESQ.
of and on behalf of Water Works Realty Corp.,   Rosenberg, Calica & Birney LLP
Plaintiffs, Cross-claim Plaintiffs and   Attorneys for Plaintiffs, Gary Melius & Water
Counterclaim Plaintiffs   Works Realty Corp., Cross-claim Plaintiffs and Counterclaim Plaintiffs

STATE OF NEW YORK, COUNTY OF NASSAU ss.:

On the _____ day of December, 2012, before me personally came and appeared GARY MELIUS to me known and known to me to be the individual described herein and who executed the foregoing instrument, and who duly acknowledged to me that he executed same.

_____
Notary Public

_____   _____
WILLIAM F. GLACKEN - Defendant   MICHAEL A. BARANOWICZ, ESQ.
   MONTFORT, HEALY, McGUIRE & SALLEY
   Attorneys for Defendant
   WILLIAM F. GLACKEN

STATE OF NEW YORK, COUNTY OF NASSAU ss.:

On the 4th day of December, 2012, before me personally came and appeared WILLIAM F. GLACKEN to me known and known to me to be the individual described herein and who executed the foregoing instrument, and who duly acknowledged to me that he executed same.

_____
Notary Public

MAUREEN ANN HAGGERTY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HA4997254
Qualified in Suffolk County
My Commission Expires June 01, 20 14

SO ORDERED:

_____
U.S.D.C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WATER WORKS REALTY CORP. AND GARY
MELINUS,

    Plaintiffs, Cross-claim and Counter-claim Plaintiffs,

    -against-

HARRISON J. EDWARDS, ET. AL,

                              Defendants.
------------------------------------------------------------------X

Docket No.: 08-04754

08-00449
(LOW) (ETB)

## STIPULATION OF SETTLEMENT
and
## VOLUNTARY DISCONTINUANCE

    WHEREAS, in 2004 an action was commenced in the Supreme Court of the State of New York, County of Nassau entitled *Arbor Secured Funding, Inc. and Arbor Management LLC v. Just Assets NY, Just Assets NY1 LLC, Water Works Realty Corp., Water Works Realty LLC, Just Your Way, Inc., William O. Brothers, III Architect P.C., Incorporated Village of Freeport, Metropolitan Transit Authority, The County of Nassau, and The New York State Department of Taxation and Finance,* Index No. 12550/2005, seeking to set aside certain tax deeds issued by the defendant, County of Nassau, to defendant Just Assets NY1 (the "2004 Action"); and

    WHEREAS, defendant Water Works Realty Corp. ("Water Works") in the 2004 Action asserted cross-claims against Just Assets NY1, Just Assets NY1 LLC ("Just Assets") and the County of Nassau (the County) in and around January 2005, seeking to set aside the tax deeds and seeking damages for negligence, slander of title, and disseizure of property under Real Property Law §853 based on its claims, *inter alia,* that certain Notices to Redeem served by Just Assets were defective; and

    WHEREAS, by Short Form Order dated January 24, 2006, the Supreme Court, Nassau County (Warshawsky, J.) declared that the redemption notices are defective; that the tax deeds issued by the County Treasurer and the subsequently executed quit claim deeds are cancelled and set aside; and that the defendant Water Works Realty Corp. is the rightful owner of the properties; and

WHEREAS, in June 2008 Water Works moved to amend its Answer and Cross-Claims in the 2004 Action to add new cross-claims, new parties, and new counterclaims, and to amend the caption; and

WHEREAS, on or about July 3, 2008, Water Works and Gary Melius filed a Verified Complaint in the Supreme Court of the State of New York, County of Nassau, Index No. 12310/2008 entitled *Gary Melius and Water Works Realty Corp. v. Harrison J. Edwards, III s/h/a Harrison J. Edwards, IV, Individually and in his official capacity as Village Counsel for the Village of Freeport, William F. Glacken, individually and in his official capacity as Mayor for the Village of Freeport, Renaire Davis-Frierson, individually and in her official capacity as Deputy Mayor for the Village of Freeport and a Member of the Board of Trustees, the Board of Trustees for the Village of Freeport being Renaire Davis-Frierson, William H. White, Jr., Donald K Miller, and Jorge A. Martinez, Vilma Lancaster, individually and in her official capacity as Treasurer for the Village of Freeport, Howard E. Colton, individually and in his official capacity as Deputy Village Counsel, the Incorporated Village of Freeport, John Macari, individually as former Deputy County Treasurer for the County of Nassau, Henry Dachowitz, individually as former Treasurer for the County of Nassau, Merilee Daly, individually as a former employee for the County of Nassau, the County of Nassau, Matthew Kanter, George Brock, Just Assets NY1, a New York partnership, Just Assets NY1, LLC, Kotsoteka, LLC, Keith Sernick, Stacy Clark and Davidoff Malito & Hutcher, LLP* (the "2008 Action") asserting various claims arising out of the defective Notices to Redeem and the wrongful issuance of the tax deeds including, but not limited to, claims against the Village Defendants for fraud, conspiracy, violations of substantive and procedural due process, deprivation of property rights, violations of the civil RICO statute, and legal fees; and

WHEREAS, the defendants in the 2008 Action were served with the Verified Complaint in October 2008; and

WHEREAS, by Short Form Order dated November 19, 2008, the Supreme Court of the State of New York, County of Nassau granted Water Works' motion to amend in most respects and authorized service of a Second Amended Answer with Cross-Claims and Counter-claims under Index No. 12550/2004 to be captioned *Gary Melius and Water Works Realty Corp. v. Harrison J Edwards, III individually and in his official capacity as Village Counsel for the Village of Freeport, William F. Glacken, individually and in his official capacity as Mayor for the Village of Freeport, Renaire Davis-Frierson, individually and in her official capacity as*

*Deputy Mayor for the Village of Freeport and a Member of the Board of Trustees, the Board of Trustees for the Village of Freeport being Renaire Davis-Frierson, William H. White, Jr., Donald K. Miller, and Jorge A. Martinez, Vilma Lancaster, individually and in her official capacity as Treasurer for the Village of Freeport, Howard E. Colton, individually and in his official capacity as Deputy Village Counsel, the Incorporated Village of Freeport, John Macari, individually as former Deputy County Treasurer for the County of Nassau, Henry Dachowitz, individually as former Treasurer for the County of Nassau, Merilee Daly, individually as a former employee for the County of Nassau, the County of Nassau, Matthew Kanter, George Brock, Just Assets NY1, a New York partnership, Just Assets NY1 LLC, Kotsoteka LLC, Keith Sernick, Stacy Clark, and Davidoff Malito & Hutcher, LLP,* also asserting claims arising out of the wrongful issuance of the tax deeds including, but not limited to, claims against the Village Defendants for fraud, conspiracy, violations of substantive and procedural due process, deprivation of property rights, and legal fees (the "2004 Amended Action"); and

WHEREAS, Water Works and Gary Melius duly amended their Second Amended Answer to conform with the Short Form Order dated November 19, 2008; and

WHEREAS, the defendants in the 2008 Action filed a Notice of Removal on November 24, 2008, removing the action from the Supreme Court of the State of New York, Nassau County to the Eastern District of New York, Docket No. Civ-08-4754; and

WHEREAS, the defendants in the 2004 Amended Action filed a second Notice of Removal on December 18, 2008, removing the 2004 Amended Action from the Supreme Court of the State of New York, County of Nassau to the Eastern District of New York, Docket No. Civ-08-0449; and

WHEREAS, by Memorandum and Order dated and filed January 10, 2011, Judge Leonard D. Wexler denied the motion to dismiss filed by pro se defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis; and

WHEREAS, the United States Second Circuit Court of Appeals by Summary Order dated April 18, 2012 unanimously dismissed the appeal by the pro se defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis of the January 11, 2011 Memorandum and Order denying their motion to dismiss; and

WHEREAS, the pro se defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis filed and served their answer in the above-captioned Actions (the "Actions") on July 23, 2012; and

WHEREAS, the pro se defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis served and filed a motion on September 20, 2012 for leave to amend their answer to add an affirmative defense of set-off; and

WHEREAS, by Memorandum Opinion and Order dated October 25, 2012, Magistrate E. Thomas Boyle denied in part and granted that part of the motion filed by defendants, Glacken, Edwards, White, Lancaster and Frierson-Davis' to amend their answer so as to plead Section 15-108(a) of the General Obligations Law as an affirmative defense; and

WHEREAS, Plaintiffs Gary Melius and Water Works Realty Corp. (collectively the "Water Works Parties") and defendant, WILLIAM F. GLACKEN (hereinafter "GLACKEN"), desire to reach a full and final agreement to settle the Actions and their present dispute and all disputes that may have arisen between them; and

WHEREAS, the Water Works Parties and GLACKEN wish to execute this Stipulation of Settlement ("Stipulation of Settlement and Voluntary Discontinuance" or "Stipulation") in order to consummate the terms of the settlement.

NOW, THEREFORE, the Water Works Parties and GLACKEN hereby stipulate and agree as follows:

1. Pursuant to the terms and conditions of the Stipulation of Settlement and Voluntary Discontinuance the above captioned actions are hereby dismissed and discontinued with prejudice as to only defendant WILLIAM F. GLACKEN and without costs or attorneys' fees to any party to this Stipulation. Plaintiffs and defendant GLACKEN each irrevocably waives against each other any claim for costs, disbursements or attorneys' fees.

2. This Agreement settles any and all claims and disputes Plaintiffs have or may have against GLACKEN whether arising out of or concerning these Actions or otherwise, and including everything and anything else that is not included in these Actions and settles any and all claims and disputes GLACKEN has or may have against Plaintiffs whether arising from the circumstances arising out of or concerning these Actions or otherwise, and including everything and anything else that is not included therein. This Agreement is entered into by the undersigned parties and constitutes a full and final settlement among them. All the undersigned represent and warrant to the other that they have full authority to enter into this Settlement Agreement and that this Settlement Agreement is binding upon them. This Settlement Agreement is not a settlement with any other defendant other than defendant GLACKEN.

3. The parties hereby authorize their respective attorneys to promptly file this Stipulation of Settlement and Voluntary Discontinuance as to defendant GLACKEN in this action as well as the related action in this Court entitled *Melius v. Edwards, et.al.* Docket No.: 08-449 with the Court to be "So Ordered" by the Court.

4. General Releases: (A) Plaintiffs release and discharge GLACKEN and his heirs, executors, administrators, successor and assigns, as the case may be, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or equity, which Plaintiffs or any of Plaintiffs' respective officers, directors, affiliates, associates, heirs, executors, administrators, successors and assigns hereafter can, shall or may, have against GLACKEN, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release.

(B) GLACKEN hereby releases and discharges Plaintiffs WATER WORKS REALTY CORP., and GARY MELIUS and their affiliates, associates, officers, directors, shareholders, heirs, executors, administrators, successor and assigns, as the case may be ("Plaintiffs Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or equity, which GLACKEN hereafter can, shall or may, have against Plaintiffs Releasees, for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release.

5. The undersigned hereby agree that this Stipulation of Settlement and Voluntary Discontinuance is not an acknowledgment or an admission of wrongdoing by any party,, and that these actions are being dismissed/discontinued against Defendant, GLACKEN, to avoid further litigation and to avoid the cost, trouble, distraction and uncertainty such further litigation would involve.

6. This Agreement is entered into by the undersigned parties and constitutes a full and final settlement among them with regard to the foregoing. All the undersigned represent and warrant to the other that they have full authority to enter into this Agreement and that this Agreement is binding upon them.

7. This Stipulation shall be submitted to Judge Leonard Wexler to be "So-Ordered", but whether or not "So Ordered" shall, as among the parties and their counsel, be deemed to constitute and shall have the force and effect of an Order of the Court in the action, and shall be enforceable among them as such. In the event the Court shall fail or refuse to "So Order" the Stipulation within thirty (30) days after it shall have been submitted for that purpose, this Stipulation shall nevertheless be deemed to become fully effective and binding upon the parties and their counsel as provided herein.

8. This Agreement shall be governed and construed in accordance with the laws of the United States of America and the State of New York. Any and all actions relating to this Agreement shall be brought only in this Court or in the Supreme Court of the State of New York located in Nassau County, New York.

9. All prior understandings and agreements between the parties are merged in this Agreement which alone fully and completely expresses the agreement between them.

10. Should any provision or provisions of this Agreement require judicial interpretation, it is agreed that the court interpreting or considering the same shall not apply the presumption that the terms be strictly construed against the party who itself or through its agent prepared the same; it being agreed that both Parties hereto have participated in the preparation of this Stipulation of Settlement.

11. This Agreement may not be amended and no term, condition, or other provision hereof, or any default or breach in connection therewith, may be waived other than by a duly executed written instrument. This Agreement may not be orally modified. The failure to insist upon the strict performance of any covenant, term, condition or other provision of this Agreement or to exercise any right or remedy thereunder shall not constitute a waiver of any such covenant, term, condition or other provisions thereof or default or breach in connection therewith, nor shall any waiver be implied from such failure.

12. All rights and remedies herein enumerated shall be cumulative and none shall exclude any right or remedy allowed by law, and said rights and remedies may be exercised and enforced concurrently and whenever and as often as occasion therefor arises.

13. This Agreement may be executed in counterparts, with each such counterpart deemed to be an original and the counterparts taken together, constituting one and the same agreement binding on the Parties hereto. The Parties agree to take such action and deliver such documents

as may be necessary to effectuate the provisions, terms and conditions of this Stipulation of Settlement.

Dated December 4, 2012

_____        _____
GARY MELIUS, Individually and as President        RONALD J. ROSENBERG, ESQ.
of and on behalf of Water Works Realty Corp.,        Rosenberg, Calica & Birney LLP
Plaintiffs, Cross-claim Plaintiffs and        Attorneys for Plaintiffs, Gary Melius & Water
Counterclaim Plaintiffs        Works Realty Corp., Cross-claim Plaintiffs
        and Counterclaim Plaintiffs

STATE OF NEW YORK, COUNTY OF NASSAU ss.:

On the 4th day of December, 2012, before me personally came and appeared GARY MELIUS to me known and known to me to be the individual described herein and who executed the foregoing instrument, and who duly acknowledged to me that he executed same.

_____
Notary Public

Notary Public, State Of New York
No. 01PI6056428
Qualified In Suffolk County
Commission Expires 7/20/15

_____        _____
WILLIAM F. GLACKEN - Defendant        MICHAEL A. BARANOWICZ, ESQ.
        MONTFORT, HEALY, McGUIRE & SALLEY
        Attorneys for Defendant
        WILLIAM F. GLACKEN

STATE OF NEW YORK, COUNTY OF NASSAU ss.:

On the _____ day of December, 2012, before me personally came and appeared WILLIAM F. GLACKEN to me known and known to me to be the individual described herein and who executed the foregoing instrument, and who duly acknowledged to me that he executed same.

_____
Notary Public

SO ORDERED:

_____
U.S.D.C.

STATE OF NEW YORK         :
                          : ss.:
COUNTY OF NASSAU          :

DEBORAH MEE, being duly sworn, deposes and says that she is employed by MONTFORT, HEALY, McGUIRE & SALLEY, the attorneys for the within named Defendant(s), **HARRISON J. EDWARDS and WILLIAM F. GLACKEN.** That on the 5th day of December, 2012, she served the within **STIPULATION OF SETTLEMENT and VOLUNTARY DISCONTINUANCE** upon the following attorneys for the named parties, by depositing a true copy of the same securely enclosed in a post-paid wrapper in a post office box regularly maintained by the United States Government at 600 Franklin Avenue, Garden City, Nassau County, New York, directed to said attorneys for the parties named at the addresses mentioned below, those being the addresses within the State designated by them for that purpose upon the preceding papers in this action, or the place where they then kept an office, between which places there then was and now is a regular communication by mail.

Deponent is over the age of 18 years.

TO:   ROSENBERG, CALICA & BIRNEY, LLP - ron@rcblaw.com
      Attorneys for Plaintiff(s)
      100 Garden City Plaza, Suite 408
      Garden City, New York 11530
      **Also Electronically file on December 5, 2012 , see attached receipt**

      RENAIRE FRIERSON-DAVIS - Rfridav@aol.com
      Pro Se Defendant
      164 Moore Avenue
      Freeport, New York 11520
      **Also Electronically file on December 5, 2012 , see attached receipt**

      WILLIAM WHITE - wwhite.white05@insuremail.net
      Pro Se Defendant
      141 Garfield Street
      Freeport, New York 11520
      **Also Electronically file on December 5, 2012 , see attached receipt**

      DONALD MILLER - dmiller514.dm@gmail.com
      Pro Se Defendant
      160 West End Avenue
      Freeport, New York 11520
      **Also Electronically file on December 5, 2012 , see attached receipt**

      VILMA LANCASTER - vilmal@aol.com
      Pro Se Defendant
      94 N. Brookside Avenue
      Freeport, New York 11520
      **Also Electronically file on December 5, 2012 , see attached receipt**

_____
DEBORAH MEE

Sworn to before me this
5th day of December, 2012.

_____
THERESA GITTER
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GI4880125
Qualified in Nassau County
My Commission Expires December 18, 20__

Index No.                    Year 20

**UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

WATER WORKS REALTY CORP. AND GARY MELIUS,

                  **Plaintiff(s)**,

  -against-

HARRISON J. EDWARDS, WILLIAM GLACKEN, RENAIRE DAVIS-FRIERSON, WILLIAM WHITE, DONALD MILLER, JORGE MARTINEZ AND VILMA LANCASTER,

                  **Defendant(s)**.

## STIPULATION OF SETTLEMENT and VOLUNTARY DISCONTINUANCE

**MONTFORT, HEALY, McGUIRE & SALLEY LLP**

*Attorneys for* Defendant(s) - WILLIAM F. GLACKEN

840 FRANKLIN AVENUE
P. O. BOX 7677
GARDEN CITY, NEW YORK 11530-7677
(516) 747-4082
FAX (516) 746-0748

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: December 5, 2012  Signature _____

            Print Signer's Name ........ Michael A. Baranowicz ........

*Service of a copy of the within*              *is hereby admitted.*

Dated:

            *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY   that the within is a (certified) true copy of a entered in the office of the clerk of the within-named Court on     20

☐ NOTICE OF SETTLEMENT   that an Order of which the within is a true copy will be presented for settlement to the Hon.     , one of the judges of the within-named Court, at
on     20   , at     M.

Dated:               **MONTFORT, HEALY, McGUIRE & SALLEY LLP**

          *Attorneys for*

                  840 FRANKLIN AVENUE
                  P. O. BOX 7677
To:                 GARDEN CITY, NEW YORK 11530-7677
                  (516) 747-4082